| | |
|---|---|
| **FITAPELLI & SCHAFFER, LLP** | **TERRELL MARSHALL DAUDT & WILLIE PLLC** |
| Joseph A. Fitapelli | Beth E. Terrell, *pro hac vice motion forthcoming* |
| Brian S. Schaffer | Mary B. Reiten, *pro hac vice motion forthcoming* |
| Frank J. Mazzaferro | Adrienne D. McEntee, *pro hac vice motion forthcoming* |
| 475 Park Avenue South, 12th Floor | 936 North 34th Street, Suite 300 |
| New York, New York 10016 | Seattle, Washington 98103-8869 |
| Telephone: (212) 300-0375 | Telephone: (206) 816-6603 |

**14 CV 10003**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE FAILLA**

| | |
|---|---|
| SANFORD WILK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE PROTECT 24/7, INC. f/k/a USA LIFE ALERT, INC., a Virginia corporation,<br><br>    Defendant. | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY**  |

Plaintiff Sanford Wilk (hereinafter referred to as "Plaintiff"), by his undersigned counsel, for this class action complaint against Defendant Life Protect 24/7 f/k/a USA Life Alert, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "Life Protect"), allege as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. Plaintiff Sanford Wilk is a citizen of New York, residing in New York County, New York.

3. Defendant Life Protect 24/7 f/k/a USA Life Alert, Inc. is a Virginia corporation with its principal place of business in Virginia Beach, Virginia. Defendant, thus, is a citizen of Virginia. Defendant conducts business in New York and throughout the United States.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. This Court has personal jurisdiction over Defendant because it does business in the state of New York and the wrongful acts alleged in this Complaint were committed in New York.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. Additionally, the TCPA makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with that entity's company specific do-not-

call list. See 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

10. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013) (the "Dish Network Ruling").

## V. FACTUAL ALLEGATIONS

12. Defendant provides "quality medical alert systems and services for seniors." *See* https://www.linkedin.com/company/life-protect-24-7 (last visited December 16, 2014).

13. Part of Defendant's strategy for increasing the volume of its customers involves the use of an automatic telephone dialing system ("ATDS"), and/or automated or prerecorded messages to solicit business.

14. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

15. Many of the recipients of these calls did not consent to receive such telephone calls.

16. Defendant makes calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided prior express consent to receive such calls, including Plaintiff. Plaintiff received such calls without providing any type of prior consent.

17. Beginning on or around February 18, 2014, Plaintiff began receiving telephone calls on his cellular telephone from, or on behalf of, Defendant.

18. The calls Plaintiff received consisted of a prerecorded message that stated words to the effect that if the called party, or anyone in the household, was over the age of 50, they should press "1" to speak with a representative.

19. On or around February 18, 2014, Plaintiff pressed "1" and was connected to a live representative who offered Plaintiff a free "Life Protect" system.

20. Plaintiff asked the live representative to identify the company on behalf of which it was calling, and the operator identified Life Protect and provided the website www.lifeprotect24-7.com.

21. On information and belief, the website www.lifeprotect24-7.com is owned and/or operated by Defendant.

22. On or around March 21, 2014, Plaintiff received a second call from Defendant.

23. The second call consisted of the same prerecorded message as the call Plaintiff Wilk received on or around February 18, 2014.

24. Plaintiff did not provide prior express consent to receive prerecorded telephone calls on his cellular telephone from, or on behalf of, Defendant.

25. Defendant is responsible for making the above-described automated calls.

26. Defendant has made a significant number of automated and/or prerecorded calls to persons in Washington and throughout the entire United States.

27. Defendant intends to continue to make similar automated and/or prerecorded calls to persons on their cellular telephones in New York and throughout the entire United States.

28. Defendant's use of ATDS and/or automated prerecorded messages for the purposes of commercial solicitation violates the privacy of Plaintiff and Class members.

## VI. CLASS ACTION ALLEGATIONS

29. <u>Class Definition</u>. Pursuant to CR 23(b)(2) and (b)(3), Plaintiff bring this case as a class action on behalf of a national Cell Phone Class as defined as follows:

> <u>Cell Phone Class</u>: All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf, made one

or more non-emergency telephone calls; (b) promoting Defendant's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Cell Phone Class (the "Class") are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

30. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

31. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

(a) Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

(b) Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

(c) Whether Defendant is liable for ATDS generated and/or automated or prerecorded calls promoting Defendant's products and/or services made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

(d) Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

32. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

33. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions, and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

34. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

35. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all initiated by an ATDS and are automated and/or prerecorded. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

36. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding

declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the automated and/or prerecorded calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII. FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cell Phone Class)

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

39. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII. SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cell Phone Class)

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

43. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 19th day of December, 2014.

FITAPELLI & SCHAFFER, LLP

By: /s/ Joseph A. Fitapelli
Joseph A. Fitapelli
Email: jfitapelli@fslawfirm.com
Brian S. Schaffer
Email: bschaffer@fslawfirm.com
Frank J. Mazzaferro
Email: fmazzaferro@fslawfirm.com
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375
Facsimile: (212) 481-1333

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell
Beth E. Terrell, *pro hac vice motion forthcoming*
Email: bterrell@tmdwlaw.com

By: /s/ Mary B. Reiten
Mary B. Reiten, *pro hac vice motion forthcoming*
Email: mreiten@tmdwlaw.com

By: /s/ Adrienne D. McEntee
Adrienne D. McEntee, *pro hac vice motion forthcoming*
Email: amcentee@tmdwlaw.com

936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiff*